UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――― X
THE NEW YORK TIMES COMPANY,                  :

                    Plaintiff,    :

                                                **COMPLAINT**

       - against -               :

FEDERAL BUREAU OF PRISONS,                   :

                    Defendant.    :
―――――――――――――――――――――――――――――――― X

Plaintiff THE NEW YORK TIMES COMPANY ("The Times"), by its undersigned attorneys, alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order for the production of agency records from Defendant Federal Bureau of Prisons ("BOP") in response to requests properly made by Plaintiff.

2. The records concern Jeffrey Epstein, the wealthy financier charged with sex trafficking of minors who died at the Metropolitan Correctional Center ("MCC") on August 10, 2019. Epstein's relationships with prominent figures in politics, business, and Hollywood entertainment contribute to the public interest in Epstein and the circumstances surrounding his death.

## PARTIES

3. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

4. Defendant BOP is an agency of the federal government that has possession and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiff's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant BOP has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Plaintiff is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

### The August 12, 2019 Requests

9. On August 12, 2019, The Times submitted two FOIA requests to BOP.

10. The first request sought information about the procedures followed in housing Epstein at the MCC, as well as background information about Epstein as an inmate.

11. One subset of that request centered on records relating to the designation of Epstein as a suicide risk: "Documents showing when MCC staff held meetings regarding Jeffrey Epstein, and who attended"; "All records generated from the meeting at MCC during which it was decided that Jeffrey Epstein would be taken off suicide watch"; "The Post-Watch report compiled in order to take Jeffrey Epstein off suicide watch"; and "All medical reports related to Jeffrey Epstein at MCC."

12. A second subset focused on the operations of the MCC during the time of Epstein's attempted suicide and, later, his death: "The signed log in the Special Housing Unit at MCC that shows when prison staff did rounds on July 22 and 23, and Aug. 9 and 10"; "The overtime sign-up sheets for the Special Housing Unit (9 South) at MCC for Aug. 9 and 10, and on July 22 and 23"; and "Documents showing which staff were augmented at MCC and what positions they worked in on Aug. 9 and 10, and on July 22 and 23."

13. A third subset focused on Epstein's experience as an inmate: the intake screening form, inmate profile, and chronological disciplinary records for Epstein at MCC; all quarter entries showing which cells Epstein was housed in at MCC; incident reports related to Epstein at MCC; the Central Inmate Monitoring (CIM) Clearance and Separatee data sheet for Epstein at MCC; security designation records and chronological disciplinary records for Epstein at MCC; and the signed visitor log for Epstein at MCC.

14. The second request filed on August 12, 2019 sought video camera footage and BOP documents pertaining to Epstein's suicide and to his first suicide attempt, as well as BOP documents (including email correspondence and meeting minutes) pertaining to the decision to remove Epstein from suicide watch, BOP special investigation reports mentioning Epstein, and BOP correspondence with the U.S. Attorney's Office regarding Epstein.

15. On September 23, 2019, BOP responded, providing tracking number 2019-05665 (apparently consolidating the two August 2019 requests) and stating that all responsive records "are categorically exempt from disclosure" under Exemptions 5, 6, 7(A), 7(C), 7(E), and 7(F), and that, as a result, the agency was "not required to conduct a search for the requested records."

16. On October 3, 2019, The Times sent via FedEx an administrative appeal of the categorical denial of the two August 2019 requests. That appeal noted that agencies have a

3

statutory duty to "make reasonable efforts to search" for responsive records, 5 U.S.C. § 552(a)(3)(C), that BOP ought to have made a good faith effort to search for responsive records to determine whether there are any non-exempt responsive records, and that it was implausible, given the breadth of the requests, that all responsive records were properly withheld. On October 9, 2019, The Times received an e-mail indicating that the appeal was received and was assigned appeal tracking number DOJ-AP-2020-000123.

17. On November 27, 2019, The Times spoke by phone to the assigned FOIA officer, who indicated that the agency was processing the appeal and hoped to provide a response within 2-3 weeks.

18. To date, The Times has not received any response to its administrative appeal, nor any documents responsive to either of the August 2019 requests.

**The December 12, 2019 Request**

19. On December 12, 2019, The Times submitted a FOIA request by e-mail to BOP. The request sought: "(1) The full log of Mr. Epstein's phone calls to and from the MCC"; "(2) All email correspondence to and from Mr. Epstein while he was at the MCC (including any correspondence through the Corrlinks system or any other email system he had access to)"; "(3) The full log of people who visited Mr. Epstein while he was at the MCC and when they visited"; "(4) The full list of people that Mr. Epstein had requested to be on his approved visitor list"; "(5) The full list of people that Mr. Epstein had requested to be on his approved email correspondence list"; and "(6) The full list of people that Mr. Epstein had requested to be on his approved call list." The December 12, 2019 request sought expedited processing and indicated that records generated by BOP employees based in New York, Texas, and Washington, D.C. should be searched.

20. On December 16, 2019, BOP acknowledged receipt of The Times's December 12, 2019 request, and indicated that it was assigned FOIA/PA request number 2020-01336 and was forwarded to processing office CO. The letter also stated that BOP had denied The Times's request for expedited processing and assigned the request to the complex processing queue.

21. BOP has failed to respond to the December 12, 2019 request within the statutory time frame required under FOIA.

### The January 2, 2020 Request

22. On January 2, 2020, The Times submitted a FOIA request by e-mail to BOP.[1] That request sought: "The full recordings of the last three phone conversations that Mr. Epstein had." The Times's January 2, 2020 request again sought expedited processing and indicated that records generated by BOP employees based in New York, Texas, and Washington, D.C. should be searched.

23. On January 9, 2020, The Times received a letter from BOP, explaining that the agency determined the December 12, 2019 and the January 2, 2020 requests "should be aggregated into one request, which is request number 2020-01336." That letter also denied The Times's request for expedited processing of the January 2, 2020 request.

24. BOP has failed to respond to The Times's January 2, 2020 request within the statutory time frame required under FOIA.

### COUNT ONE

25. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

---

[1] The Times also submitted a second FOIA request to BOP on January 2, 2020, which was assigned tracking number 2020-01578. That request does not seek records specific to Epstein and is not at issue in this suit.

26. Defendant BOP is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

27. BOP has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

28. BOP has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

29. Accordingly, Plaintiff is entitled to an order compelling BOP to produce records responsive to its FOIA request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

30. Declare that the documents sought by its FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

31. Order BOP to provide the requested documents to Plaintiff within 20 business days of the Court's order;

32. Award Plaintiff the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

33. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 30, 2020

/s/ David E. McCraw
David E. McCraw
Alexandra Perloff-Giles

6

                              Legal Department
                              The New York Times Company
                              620 8th Avenue
                              New York, NY 10018
                              Phone: (212) 556-4031
                              Fax: (212) 556-4634
                              E-mail: mccraw@nytimes.com

*Counsel for Plaintiff*