Attachment 5

**From:** "Ivory, Danielle" <danielle.ivory@nytimes.com>
**To:** <OGC_EFOIA@bop.gov>
**Date:** 12/12/2019 3:05 PM
**Subject:** NYT FOIA to BOP, Epstein logs

Hi, I am enclosing a FOIA request, below. Please let me know if I can be of any help in explaining this or narrowing it.

Many thanks,

Danielle

------------

Danielle Ivory

Reporter

The New York Times

620 Eighth Avenue

New York, NY 10018

Office phone: 212-556-1596

Mobile phone: 917-280-2607

Email: danielle.ivory@nytimes.com

Dec. 12, 2019

Bureau of Prisons

FREEDOM OF INFORMATION ACT REQUEST

Dear FOIA Officer:

Requested records

"Records" means information of any kind, including writings (handwritten, typed, electronic or otherwise produced, reproduced or stored), letters, memoranda, correspondence, notes, applications, completed forms, studies, reports, reviews, telephone conversations, faxes, emails, documents, photographs, minutes of meetings, records of meetings in any form, and any other compilation of data from which information can be obtained. All of the foregoing are included in this request if they are in the possession of or otherwise under the New York Times requests for Records of the following type in the possession, custody, or control of OSHA.

Pursuant to the Freedom of Information Act, 5 U.S.C. Section 552 et seq ("FOIA"), I request copies of (or access to) documents about Jeffrey Epstein who died at the Metropolitan Correctional Center (MCC) on Aug. 10, 2019, specifically (hereafter described as "the records"):

(1) The full log of Mr. Epstein's phone calls to and from the MCC.

(2) All email correspondence to and from Mr. Epstein while he was at the MCC (including any correspondence through the Corrlinks system or any other email system he had access to.)

(3) The full log of people who visited Mr. Epstein while he was at the MCC and when they visited.

(4) The full list of people that Mr. Epstein had requested to be on his approved visitor list.

(5) The full list of people that Mr. Epstein had requested to be on his approved email correspondence list.

(6) The full list of people that Mr. Epstein had requested to be on his approved call list.

The Bureau of Prisons web-based inmate locator shows that only one Jeffrey Epstein is listed in the BOP system, so identifying the correct Jeffrey Epstein should not be a problem for the bureau. For this request, records generated by BOP employees based in New York, Texas, and in Washington, DC, should be searched.

I am a reporter for The New York Times, an accredited and recognized newsgathering organization. I request the Records to inform the public about matters of public concern.

ONGOING LAW ENFORCEMENT PROCEEDINGS/INVESTIGATIONS

As to any records located in the investigative files of pending investigations, you may not assert Exemption 7(A) without conducting a document-by-document review to determine whether release of the records would interfere with ongoing law enforcement proceedings.

The United States District Court of the District of Columbia recently "remind[ed] the FBI of its obligation to conduct record-level reviews at the administrative level before refusing to produce records contained in its investigative files." Tipograph v. Dep't of Justice, 83 F. Supp. 2d 234 (D.D.C. Mar. 18, 2015)

In addition, the FOIA Improvement Act of 2016 added a provision instructing federal agencies to withhold records only when their release would work some foreseeable or is prohibited by law, not just because they may technically be exempt.

Even if the records might otherwise be exempt, an agency may withhold them only if their disclosure would actually harm the interest protected by the exemption, or if it is prohibited by some other law. 5 U.S.C 552(a)(8). The agency does need to identify what reasonably foreseeable harm would flow from release of the information being withheld, consider partial disclosure of the information, take reasonable steps to segregate and release nonexempt information.

RESPONSE TIME

FOIA requires that your agency respond to this request within 20 business days. This request is segregable, and your agency may not withhold entire records because of one section that you believe is exempt from disclosure. Under federal law, if you choose to withhold any such parts of the records from disclosure, you must specify in a written response the factual and legal basis for withholding any part of the Records.

ESTIMATED DATE OF COMPLETION

I respectfully request that you provide me with a reasonably estimated date of completion. See 5 U.S.C. § 552(a)(7)(B)(ii). If the estimated date of completion is being significantly delayed because of a portion of the request needs to be processed by another agency, please inform me which agency that is and whether it has provided you with an estimated date of completion.

FORMAT OF REQUESTED RECORDS

I am further requesting that the Records be provided to me on computer files in the same format as they are currently maintained at the agency, pursuant to Burka v. Dept. of Health & Human Svcs., 87 F.3d 508 (D.C. Cir. 1996). As you know, providing documents electronically is cheaper than mailing hard copies.

FEE WAIVER

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii).   FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 773–74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires "[d]ocuments shall be furnished without any charge or at a [reduced] charge . . . disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."   5 U.S.C. § 552(a)(4)(A)(iii).

EXPEDITED PROCESSING

There is extreme public interest in records concerning the prison stay and death of Jeffrey Epstein, who was accused of sexually abusing scores of women and underage girls. Not only has a person died in federal custody, but the death has generated multiple theories implicating government works at the highest levels and taxpayer money. Disclosure of the records request is in the public interest because disclosure is likely to contribute significantly to the understanding of the operations or activities of the government. In addition, as one of the largest circulation newspapers in the United States, The New York Times plays an important role in sharing information with the public and helping the public understand how the federal government works.   Disclosure of the records is not primarily in the commercial interest of myself or The New York Times but is intended to facilitate reporting on the operations of government.

Please contact me if I may assist in your office's response to this request.

Yours,

Danielle Ivory

--
Danielle Ivory
The New York Times
Office: 212-556-1596
Cell: 917-280-2607
Fax: 646-349-2536
Signal encrypted chat: 917-280-2607