
U.S. Department of Justice

*United States Attorney*
*Southern District of New York*
*86 Chambers Street*
*New York, New York 10007*

October 6, 2020

**By ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *The New York Times Co. v. Federal Bureau of Prisons*, 20 Civ. 833 (PAE)

Dear Judge Engelmayer:

    This Office represents defendant the Federal Bureau of Prisons ("BOP") in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action brought by plaintiff the New York Times Company (the "Times") seeking the release of certain records related to Jeffrey Epstein. I write respectfully to request that the Court stay this action for two months, and to adjourn the remaining deadlines in the parties' summary judgment briefing schedule. *See* ECF No. 31.

    To resolve a search issue raised by plaintiff in its summary judgment papers, the parties have reached an agreement whereby the Office of the Inspector General ("OIG") will provide BOP with electronic copies of records BOP previously provided to OIG in connection with an OIG investigation. To the extent these records contain records that have not previously been identified and processed by BOP under FOIA, BOP will process such records in response to plaintiff's FOIA requests and file supplemental declarations in support of any additional withholdings with its reply and opposition papers. BOP believes this is the most efficient means to expeditiously resolve this case and not to burden the Court with duplicative briefing. Plaintiff consents to the stay request.

    I.    Background

    This case arises from four FOIA requests that plaintiff the New York Times submitted to BOP for records related to Jeffrey Epstein. Two of these requests were made in emails dated August 13, 2019, and sought twenty different categories of documents relating to Epstein. *See* Declaration of Kara Christenson ("Christenson Decl.") ¶¶ 5-6, ECF No. 24. In connection with an OIG investigation, on or about August 22, 2019, BOP provided a substantial volume of records to OIG. *See id.* ¶¶ 13, 39.

    On summary judgment, plaintiff has challenged the adequacy of BOP's search for records responsive to plaintiff's request, arguing that "FOIA requires an agency to produce records under its control on the date the FOIA request comes in." Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment at 6-8, ECF No. 27. While the government believes BOP acted appropriately in providing records to OIG in connection with OIG's investigation, BOP has offered to resolve the search issue by having OIG return electronic copies of the records previously provided to

OIG by BOP, so that BOP can process those records in response to plaintiff's FOIA requests, to the extent they have not already been identified and processed by BOP. Plaintiff agrees to this proposed approach.

    II.      Legal Standards

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). In this District, courts generally consider five factors in determining whether to grant a stay,

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Loftus v. Signpost*, No. 19-cv-7984 (JGK), 2020 WL 2848231, at *2 (S.D.N.Y. June 2, 2020) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

    III.      A Two-Month Stay Is Appropriate

The stay factors weigh in favor of a two-month stay. First, allowing BOP time to receive and to process additional records responsive to plaintiff's requests will facilitate the expeditious resolution of the present action by resolving the search issue without litigation and allowing the Court to adjudicate the withholdings of responsive records in a single round of briefing. Second, BOP's interests would be served by having adequate time to process the records from OIG in an orderly fashion, to the extent they have not already been processed, and by not briefing withholdings in a piecemeal fashion. Third, the interests of the courts weigh in favor of a stay because allowing the parties to brief withholdings in a single round of briefing will conserve judicial resources. Fourth and Fifth, the interests of persons not party to this litigation and the public interest will be served by giving BOP an adequate opportunity to process the records currently in OIG's possession pursuant to the FOIA, to the extent they have not been processed already, and through an efficient resolution of this litigation.

Two months should allow BOP to review the records previously provided to OIG, evaluate their responsiveness to the request, identify any that have already been processed under FOIA, and at least begin, if not complete, the processing of records that have not already been processed. BOP proposes to submit a status letter to the Court in approximately one month—by November 6, 2020—informing the Court of whether it anticipates it will need additional time to process the records or whether it will be prepared to file its reply and opposition brief and any supplemental declarations at the conclusion of the two-month stay.

Accordingly, the Court should stay this action for two months and direct BOP to file a status letter by November 6, 2020, informing the Court of whether BOP anticipates needing additional time to complete its processing of the records handed over to OIG or whether BOP will be prepared to file its reply and opposition papers and supplemental declarations following the conclusion of the two-month stay. Plaintiff consents to this request.

I thank the Court for its consideration of this submission.

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                  Acting United States Attorney
By:   /s/ *Steven J. Kochevar*
                                  Steven J. Kochevar
                                  Assistant United States Attorney
                                  86 Chambers Street, 3rd Floor
                                  New York, NY 10007
                                  Telephone: (212) 637-2715
                                  Fax: (212) 637-2717
                                  Email: steven.kochevar@usdoj.gov

<u>Cc (by ECF)</u>: Counsel of Record

---

Granted. To ensure a streamlined and expeditious resolution to this matter, the Court finds that the interests of the parties, the public, and the courts favor granting a stay. This case is hereby stayed until December 6, 2020. Defendant shall file a status report by November 6, 2020, informing the Court whether it will be prepared, as the Court expects it it will be, to complete its briefing of the pending motions for summary judgment without further delay.

SO ORDERED.

                    *Paul A. Engelmayer*
                 PAUL A. ENGELMAYER
                 United States District Judge

October 7, 2020