UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY,

                              Plaintiff,

                   -v-

FEDERAL BUREAU OF PRISONS,

                              Defendant.

20 Civ. 833 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On Friday, April 9, 2021, the Court held argument in this Freedom of Information Act ("FOIA") case, which concerns the circumstances surrounding the 2019 suicide of Jeffrey Epstein. As of argument, defendant the Bureau of Prisons ("BOP") has justified the withholding in full of most of the relevant, unproduced documents in this case under FOIA Exemption 7(A). That exemption authorizes the Government to withhold documents that both (1) were compiled for law enforcement purposes; and (2) if disclosed, could reasonably be expected to interfere with law enforcement proceedings. 5 U.S.C. § 552(b)(7)(A); *see N.Y. Times Co. v. U.S. Dep't of Just.*, 390 F. Supp. 3d 499, 512 (S.D.N.Y. 2019). In support of its withholding under Exemption 7(A), the BOP has cited two pending prosecutions—one of Nicholas Tartaglione and the other of Tova Noel and Michael Thomas—as proceedings that could be disrupted by the disclosure of the withheld documents. As discussed at argument, however, the BOP's declarations in support of those withholdings do not provide sufficient detail for the Court to discern which documents implicate which prosecution, or, for at least some of the withheld documents, the "rational link" between the categories of documents withheld and any likely interference with each case.

Accordingly, and for the reasons more fully explained at argument, the Court directs the BOP to provide to the Court, for *in camera* review, the withheld records identified in Exhibit 1 to the supplemental Christenson declaration. Dkt. 39-1; *see also* 5 U.S.C. § 552(a)(4)(B); *Int'l Bhd. of Elec. Workers v. NLRB*, 845 F.2 1177, 1180 (2d Cir. 1988) (propriety of *in camera* review "is a matter entrusted to the district court's discretion"). Those records, as provided to the Court, should identify which portions of each document were withheld pursuant to which FOIA exemption. As to each document withheld under Exemption 7(A), the records produced should specify the portion(s) thereof implicated by each prosecution referred to above. The parties are directed to confer and jointly propose, by Friday, April 16, 2021, a schedule for the rolling provision of such records to the Court that contemplates all such records being provided by May 14, 2021. To facilitate the Court's review, the BOP should provide the Court with two sets of these records in binder format.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 12, 2021
       New York, New York