

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 4, 2021

**By Hand Delivery and ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *The New York Times Co. v. Federal Bureau of Prisons*, 20 Civ. 833 (PAE)

Dear Judge Engelmayer:

    This Office represents defendant the Federal Bureau of Prisons ("BOP") in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action brought by plaintiff the New York Times Company (the "Times") seeking the release of certain records related to Jeffrey Epstein. Enclosed please find the Government's first *in camera* production. As directed by the Court, this production consists of certain records identified in Exhibit 1 to the supplemental Christenson declaration.

    The production consists of 987 pages, including 377 pages of non-email documents and 610 pages of emails. In connection with this production, the Government reviewed certain records in the production and determined that they could be released with appropriate redactions. Pursuant to the Court's directions, the Government has, for each page, indicated which portions of the page are withheld under which FOIA Exemption and, if a portion or the entire page is withheld under FOIA Exemption 7(A), indicated which criminal case, *United States v. Tartaglione*, 16-cr-832 (KMK), or *United States v. Noel*, 19-cr-830 (AT), is the basis for the exemption.

    Because of technological and other constraints, the Government used two systems to mark the redactions on the pages. Under one system, a redaction is marked out by a pink box, and the associated exemption is noted next to or within the box. Under the second system, the Government highlighted redacted material as follows: material withheld under Exemption 7(A) on the basis of *Noel* is highlighted red, material withheld under Exemption 7(A) on the basis of *Tartaglione* is highlighted goldenrod yellow, material withheld under Exemptions 6 and 7(C) is highlighted green, material withheld under FOIA Exemption 5 and the deliberative process privilege is highlighted blue, and material withheld under FOIA Exemption 7(E) is highlighted purple.[1] Under this second system, pages withheld in full are marked as such by a box in the color corresponding to the exemption, with text noting the withholding in full. On certain pages, both systems are used, with some redactions marked out using pink boxes, and other redactions marked out with highlighting.

---

[1] If the entirety of a paragraph on a given page is withheld, then parallel lines in the appropriate color have placed on either side of that paragraph to indicate redaction.

The Government notes that upon compiling this submission, it identified and removed some duplicate pages from the production. In addition, it re-ordered the documents, roughly by type and content such that the Bates numbers on the documents are no longer strictly in order. These steps were taken to facilitate the Court's review.

The production includes emails between Tartaglione's defense counsel and the Bureau of Prisons, which typically discuss the conditions of Tartaglione's confinement and have been withheld in full under Exemption 7(A) on the basis of *Tartaglione*. The Government believes that many of these emails are not directly responsive to the Times's FOIA requests, but were collected by BOP pursuant to electronic search terms generally because Jeffrey Epstein may be mentioned at some point in a chain of emails and also possibly because Tartaglione's defense counsel, Bruce Barket, is associated with the firm Barket, Epstein, Kearon, Aldea & LoTurco, LLP, and so the name "Epstein" typically appears in the signature block of his emails. If the Court would benefit from further submissions on why release of these emails in the context of a FOIA request about Jeffrey Epstein could reasonably be expected to interfere with *Tartaglione*, the Government is prepared to provide such submissions. However, upon re-reviewing these materials and in light of representations by the Times as to its area of greatest interest, the Government does not believe that these emails are of central concern in this matter and could be fairly described as non-responsive to the Times's requests.

I thank the Court for its consideration of this submission.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/ Steven J. Kochevar
Steven J. Kochevar
Assistant United States Attorney
300 Quarropas Street
White Plains, NY 10007
Telephone: (914) 993-1928
Email: steven.kochevar@usdoj.gov